Case 1:25-cv-04845-CM   Document 17-1   Filed 07/10/25   Page 1 of 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| S.E. SATISFY, société par actions simplifiée (SAS), | |
| Plaintiff-Counterclaim-Defendant, | Civil Action No.: 25-cv-04845-CM |
| -against- | **STIPULATION AND CONFIDENTIALITY ORDER** |
| BLUESTAR ALLIANCE LLC and JUSTICE BRAND HOLDINGS LLC, | |
| Defendant and Defendant-Counterclaim-Plaintiff | |

WHEREAS, the parties to this action anticipate the disclosure and/or exchange of certain documents in connection with the above captioned matter, which may contain confidential business and financial information; and

WHEREAS, the parties mutually desire that a protective order limiting use, access to, and disclosure of such information and documents be entered, it is hereby

STIPULATED AND AGREED by the undersigned attorneys, subject to the Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the production or exchange of documents and other materials in connection with this action:

## I.     INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of two categories: CONFIDENTIAL INFORMATION or ATTORNEYS-EYES-ONLY INFORMATION, as set forth below. Both categories shall be identified collectively in this Order by the title "Protected Information."

A. **Protected Information Designated as Confidential**

1. For purposes of this Order, CONFIDENTIAL INFORMATION refers to information or material that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, reasonably believes contains non-public, confidential, or proprietary information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph I (A)(2) shall be designated by the producing party by informing the receiving party of the designation in writing.

4. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

   a. Outside counsel of record handling this litigation, including supporting personnel employed at such counsel's law firm(s), such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

   b. In-house counsel for a party;

2

c. The parties, and their officers, directors, employees, attorneys and consultants only as reasonably necessary to assist in the prosecution or defense of claims asserted in this litigation;

d. Experts (testifying and non-testifying) and consultants who are expressly engaged by outside counsel of record, or the parties to provide expert testimony or to assist in discovery and/or preparation for trial, with disclosure only to the extent necessary to perform such work, and provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by signing Exhibit A hereto;

e. The Court and its personnel;

f. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions;

g. Independent clerical help to counsel of record, including legal translators, stenographic reporters and videographers, photocopy and other outside clerical help, graphic or design professionals, jury or trial consulting services including mock jurors; and/or

h. Other persons with the consent of all parties or by Court Order who, prior to any disclosure, have agreed in writing to abide and be bound by the terms of this Protective Order by signing Exhibit A hereto.

**B.     Protected Information Designated ATTORNEYS-EYES-ONLY**

1. The ATTORNEYS-EYES-ONLY designation is reserved for previously identified CONFIDENTIAL INFORMATION that contains or substantively relates to highly CONFIDENTIAL INFORMATION, such as (a) commercially sensitive information, including, without limitation, information obtained from a nonparty pursuant to a current nondisclosure agreement; (b) commercial agreements, settlement agreements or

3

settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party; (c) marketing, financial, sales, research and development, or technical, data or information; (d) information or data relating to future products not yet commercially released and/or strategic plans; and (e) technical information. The following conditions shall govern the production, review and use of such information.

    2.    Protected Information designated as ATTORNEYS-EYES-ONLY, shall be available only to the persons in Paragraph I(A)(4) above, except that it shall not be made available to those persons identified in Paragraph 1(A)(4)(c).

    C.    **General Provisions**

    1.    Notwithstanding any other provision of this Protective Order:

    a.    A party or present employee of a party may be examined and may testify, at deposition, a hearing or trial, concerning any Protected Information produced by that party;

    b.    A former employee of a party may be examined and may testify, at deposition, a hearing or trial, concerning any Protected Information produced by that party that pertains to the period or periods of his or her employment by that party and a reasonable period of time thereafter;

    c.    A present or former consultant to a party (other than a non-testifying litigation consultant) may be examined and may testify, at deposition, hearing or trial, concerning any Protected Information produced by that party that pertains to the period or periods of his or her consultation by that party and a reasonable period thereafter; and

    d.    Any person may be examined and may testify, at deposition, hearing or trial, concerning any document containing Protected Information of a Producing

4

Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to such person.

## II. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A. The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall always be and remain on the designating party.

C. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## III. LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any legal proceeding not between the parties, and shall not be

disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in accordance with the procedures of the Court and subject to the Addendum below.

C. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.

D. Protected Information shall not be copied or otherwise disclosed by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses, provided that the same shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or produced, shall be limited to qualified recipients.

E.   At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" or "ATTORNEYS-EYES-ONLY" by the reporter. This request for a confidentiality designation may be made orally during the deposition or in writing within ten (10) business days of receipt of the final certified transcript. Deposition transcripts shall be treated by default as ATTORNEYS-EYES-ONLY until the expiration of the ten-business-day period to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. If, however, a party seeks to file the deposition transcript or use excerpts from the deposition transcript in connection with a court filing to be made prior to the expiration of the ten (10) business day period, then such party shall advise the other parties of such intended use, and the other parties shall designate (or not designate) the subject deposition material in accordance with this Protective Order as soon as practicable but in no event later than three (3) business days after notification.

F.   If a person present at a deposition is not authorized under this Protective Order to receive Protected Information which is to be disclosed by counsel or the witness at the deposition, then at the request of any party such person shall leave the deposition room while such material is being disclosed or used during the deposition.

IV.   **NON-PARTY USE OF THIS PROTECTIVE ORDER**

A.   Non-party discovery in this case shall be governed by this Protective Order.

B.   A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. Such materials and information shall be treated in the same way as if produced by a party.

C.   A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## V.   NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. Upon receipt of such notice the recipients shall stop reviewing any such material immediately, and shall gather and return or destroy all copies of the privileged material to the producing party, and destroy and/or place no further reliance upon any notes generated therefrom. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back- up systems that are over-written in the normal course of business.

## VI.   MISCELLANEOUS PROVISIONS

A.   Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the party or an attorney for the party against whom such waiver will be effective.

B.  Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

C.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

D.  Nothing in this Order shall preclude any party to this action, its attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or materials not obtained in discovery in this lawsuit, even though the same information or materials may have been produced in discovery in this lawsuit and designated as Protected Information, if that information or material:

   1.  Was, is, or becomes public knowledge, not in violation of this Order;
   2.  Is acquired by the non-designating party from a third party having the right to disclose such information or material; or
   3.  Was lawfully possessed by the non-designating party prior to disclosure by the Producing Party.

E.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, upon written request of the producing party, either return or destroy physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. Protected Information not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Information for archival purposes only. If a party elects to destroy Protected Information, the party must provide a Certificate of Destruction to the producing party.

F.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such

documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

G. No party shall have the obligation to identify on their respective privilege log any attorney-client or work product document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

H. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

I. This Court is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Southern District of New York.

J. Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

K. Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will

only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: July 10, 2025

JAYARAM LAW PLLC

By: /s/ *Danielle M. Audette*
Danielle M. Audette
Vivek Jayaram
54 W. 21st St., Suite 801
New York, New York 10010
(212) 287-7935
dani@jayaramlaw.com
vivek@jayaramlaw.com

Attorneys for Plaintiff
S.E. Satisfy, société par actions simplifiée (SAS)

DORSEY & WHITNEY LLP

By: /s/ *Bruce R. Ewing*
Bruce R. Ewing
51 West 52nd Street
New York, New York 10019
(212) 415-9200
ewing.bruce@dorsey.com

Attorneys for Defendant Bluestar Alliance LLC and Defendant Counterclaim-Plaintiff Justice Brand Holdings LLC

SO ORDERED this 11th day of July, 2025.

_____
Honorable Colleen McMahon
United States District Court Judge

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.E. SATISFY, société par actions simplifiée (SAS),<br><br>Plaintiff-Counterclaim-Defendant,<br><br>-against-<br><br>BLUESTAR ALLIANCE LLC and JUSTICE BRAND HOLDINGS LLC,<br><br>Defendant and Defendant-Counterclaim-Plaintiff | Civil Action No.: 25-cv-04845-CM<br><br>**STIPULATION AND CONFIDENTIALITY ORDER** |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name] have read the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Southern District of New York on _____, 2023 in the case of S.E. Satisfy, société par actions simplifiée (SAS) v. Bluestar Alliance LLC and Justice Brand Holdings LLC, 25-cv-04845-CM, and agree to be bound by its terms with respect to any information, document, or materials designated by the parties and/or non-parties as "CONFIDENTIAL" and/or "ATTORNEYS-EYES-ONLY" that are furnished to me as set forth in the Order.

I agree not to disclose any information, documents, or material designated by the parties and/or non-parties as "CONFIDENTIAL" and/or "ATTORNEYS-EYES-ONLY" that are furnished to me except in accordance with the Order. At the conclusion of my involvement in this case, I will return (or destroy) all such information, documents, and materials to the party or attorney from whom I received them.

I further agree that any information, documents, or material designated by the parties and/or non-parties as "CONFIDENTIAL" and/or "ATTORNEYS-EYES-ONLY" that are furnished to me will be used by me only for the purpose of this action and for no other purpose.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcing the terms of and resolving any issue or dispute that might arise under this Acknowledgement and Agreement to Be Bound and the Order.

Printed Name: _____

Signature: _____

Date: _____

15