UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————x

S.E. SATISFY, société par actions simplifiée (SAS),

                Plaintiff,

      -against-                                    25-cv-4845 (CM)

BLUESTAR ALLIANCE LLC and JUSTICE
BRAND HOLDINGS LLC,

                Defendants.

———————————————————————————x

**DECISION AND ORDER DENYING
PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS**

McMahon, J.:

Plaintiff S.E. SATISFY, société par actions simplifiée (SAS) ("Satisfy") initiated this action against Bluestar Alliance LLC ("Bluestar") and Justice Brand Holdings LLC ("JBH") under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, seeking a judgment declaring that Satisfy's use of "Justice" does not infringe on JBH's trademark rights in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

In response to Satisfy's Complaint, Defendant Justice Brand Holdings LLC asserted counterclaims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A), dilution in violation of New York General Business Law § 360-l, and trademark infringement and unfair competition under New York common law.

Before the court is Satisfy's motion to dismiss JBH's counterclaims. That motion is DENIED.

## BACKGROUND

Unless otherwise noted, the facts are drawn from JBH's counterclaims. See Dkt. No. 16. In accordance with the standard for assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all non-conclusory allegations and draws all reasonable inferences in JBH's favor. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Justice Brand Holdings LLC is a limited liability company based in New York. JBH owns the valid and subsisting registrations for the trademark "JUSTICE."[1] Obviously one cannot trademark the work "JUSTICE" for all purposes, but Defendant does not claim to have exclusive rights to the use of the word – only to its use in connection with the products it sells, which consist of men's, women's, boys' and girls' apparel; beauty and cosmetic products; and accessories such as backpacks and wallets. The "JUSTICE" trademark was first used by JBH's predecessor company on apparel for men, women, boys, and girls in the 1960s; over time the company extended its use of the mark to cover other products.

"JUSTICE" products are sold across the United States and internationally. In the past, goods bearing the "JUSTICE" mark were sold primarily in "JUSTICE" retail stores and online. Since 2020, however, Walmart stores have been the primary distributor of JUSTICE products, although "JUSTICE" goods have also been sold by other retailers. Retail sales of goods bearing the "JUSTICE" mark have exceeded $750 million since 2020.

---

[1] United States Patent Office Trademark Registration Nos. 2990417, 4876553, 4234053, 4249562, 4237687, and 3006487. For the sake of clarity, the court refers to JBH's registered "JUSTICE" trademark in uppercase letters and Satisfy's use of the phrase "Justice" in lowercase letters, as JBH alleges it appears on Satisfy's labels. See Counterclaim ¶ 17.

2

The primary market for "JUSTICE" goods is girls aged 8-16 and their parents (typically mothers), who purchase the goods for their daughters; older girls and young women also purchase "JUSTICE" goods for their own use.

JBH alleges that through its extensive use of the "JUSTICE" mark over time, the mark has become a powerful indicator of source which consumers have come to associate with JBH.

S.E. SATISFY, société par actions simplifiée (SAS) ("Satisfy") is a French apparel company which sells running and outdoor clothing and related accessories around the world, including in the United States. At some point, Satisfy began using "Justice" as a trademark for portions of its product line. For example, Satisfy promotes its products under names like "Justice Dyneema Trail Blend" shorts or "Justice Cordura 9" Half Tights," appending the ™ symbol to the "Justice" designation.

After receiving a cease-and-desist letter from Defendants, Satisfy initiated the instant action on June 9, 2025, seeking a judgment declaring that Satisfy's use of "Justice" does not infringe on Defendants' registered "JUSTICE" trademarks. See Dkt. No. 1.

On June 24, 2025, Defendants filed their answer to Satisfy's complaint, in which they denied many of the complaint's allegations and asserted the affirmative defense of unclean hands. Defendant JBH also asserted counterclaims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution under New York General Business Law § 360-l, and trademark infringement and unfair competition under New York common law.

Satisfy moves to dismiss JBH's counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that likelihood of confusion is implausible as a matter of law. See Dkt. No. 20.

## LEGAL STANDARD

### I.      Motion to Dismiss Pursuant to Rule 12(b)(6)

"A motion to dismiss a counterclaim for failure to state a claim is evaluated using the same standard as a motion to dismiss a complaint." *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 203 (S.D.N.Y. 2015).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff," but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Digital, LLC v. Armstrong*, 2020 WL 6064156, at *4 (S.D.N.Y. Oct. 14, 2020) (quoting *Twombly*, 550 U.S. at 555). Where a plaintiff fails to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Rule 12(b)(6) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the truth of the allegations. *Id.* at 545.

## DISCUSSION

### I.      Lanham Act Claims

JBH asserts counterclaims for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and false designation of origin under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

The standards governing claims for trademark infringement, under Section 32 of the Lanham Act, and unfair competition, under Section 43(a), are substantially the same. *See Twentieth*

*Century Fox Film Corp. v. Marvel Enters., Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002). Both claims are governed by a two-prong test. *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003). "The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Id.*

Satisfy does not contest that JBH's JUSTICE trademark is a valid mark entitled to protection, but asks the court to dismiss JBH's counterclaims because likelihood of confusion is implausible as a matter of law.

To determine whether there is a likelihood of confusion, courts in the Second Circuit apply the eight-factor balancing test introduced in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961). The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market.

"Normally, the likelihood of confusion is a factual question, centering on the probable reactions of prospective purchasers of the parties' goods." *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990). Where the relevant facts are not in dispute, however, a court may dismiss a trademark infringement claim at the motion to dismiss stage where likelihood of confusion is implausible as a matter of law. *See id.* (quoting *American Int'l Group, Inc. v. London America Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981)); *New York State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415, 431 (W.D.N.Y. 2010).

Satisfy argues that there cannot plausibly be any likelihood of confusion between the parties' products for myriad reasons.

First, Satisfy's goods are highly technical products designed only for serious adult male runners "who view running gear as an investment in their lifestyle and running experience," Dkt. No. 20, at 2, whereas JBH's "JUSTICE" brand is a line of mass-market clothing and accessories known for its colorful, sparkly, and playful designs for tween girls.

Second, Satisfy utilizes a highly selective distribution model, selling its goods only at high-end fashion retailers and specialty running stores, in contrast to JBH, which sells its goods almost exclusively at Walmart. According to Satisfy, its goods bearing the "Justice" mark are not sold at any retailer that also sells JBH's "JUSTICE" products.

Third, JBH's goods are known to customers as an inexpensive clothing option with prices ranging from $10-$40. On the other hand, Satisfy's "Justice" goods are priced between $200-$500.

Fourth, Satisfy never uses "Justice" as a standalone mark; Satisfy's prominent display of its house mark next to the "Justice" mark clearly indicates that the "Justice" mark is a secondary fabric descriptor.

Fifth, consumers cannot plausibly be confused because once the hang and tearaway tags are removed from Satisfy's products, the "Justice" mark no longer appears on the goods.

Sixth, the parties' respective marks have coexisted in the marketplace for eight years without issue.

Satisfy's argument that there cannot plausibly be any likelihood of confusion between the parties' products is persuasive. The problem with Satisfy's argument, however, is that it relies on factual allegations that Satisfy pleaded in its *own* complaint. These factual allegations cannot be

found anywhere in JBH's counterclaims. In fact, Defendants expressly denied many of Satisfy's allegations in their Answer to Satisfy's complaint.

On a motion to dismiss, the court normally must "look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Factual allegations in legal briefs or memoranda are treated as matters outside the pleading for purposes of Rule 12(b). *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (quoting *United Steelworkers of America, AFL–CIO v. American International Aluminum Corp.*, 334 F.2d 147, 149 (5th Cir. 1964)).

Considering only the facts alleged in JBH's counterclaims,[2] the court cannot conclude that likelihood of confusion is implausible as a matter of law. While Satisfy may ultimately prevail, it has presented issues of fact that cannot be disposed of on a motion to dismiss. At this stage, JBH's allegations that Satisfy sells activewear, including running apparel, bearing a mark identical to the one for which JBH holds a trademark, in the same geographic area as JBH, are sufficient. *See Pena v. Miami Heat Ltd. P'ship*, 2025 WL 1150710, at *7 (S.D.N.Y. Apr. 18, 2025); *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 230 (S.D.N.Y. 2023).

Satisfy's motion to dismiss JBH's Lanham Act counterclaims is, therefore, DENIED.

## II.    Common Law Trademark Claims

Satisfy argues that because JBH fails to allege a plausible likelihood of confusion in support of its Lanham Act claims, JBH's state law claims for trademark infringement and unfair competition must also be dismissed.

---

[2] When matters outside the pleadings are presented in response to a motion to dismiss pursuant to Rule 12(b)(6), courts may either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The court declines to convert the instant motion to a motion for summary judgment because there is a genuine dispute as to material facts. *See* Fed. R. Civ. P. 56(a).

The standards for trademark infringement and unfair competition under New York common law are "virtually identical" to the standard under the Lanham Act, "except that [New York law] requires an additional showing of bad faith." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185 (S.D.N.Y. 2022), *aff'd*, 2024 WL 1152520 (2d Cir. Mar. 18, 2024) (quoting *Lopez v. Adidas Am., Inc.*, 2020 WL 2539116, at *15 (S.D.N.Y. May 19, 2020)). Accordingly, JBH will have adequately pled claims of trademark infringement and unfair competition under New York law if it has sufficiently alleged Satisfy's bad faith. Satisfy contends that JBH has not done so.

"In analyzing whether a defendant has acted in bad faith, the question is whether the defendant attempted 'to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products.'" *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74 (2d Cir. 2020) (quoting *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 388 (2d Cir. 2005)). There is a presumption that a defendant who willfully copied a plaintiff's mark acted in bad faith. *See Warner Bros., Inc. v. American Broadcasting Cos.*, 720 F.2d 231, 246–247 (2d Cir. 1983). "Even where there is no direct evidence of intent, 'if there is additional evidence that supports the inference that the defendant sought to confuse consumers as to the source of the product . . . the inference of bad faith may fairly be drawn." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 312 (2d Cir. 2013) (quoting *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos, Inc.*, 228 F.3d 56, 66 (2d Cir. 2000)). Bad faith may also be inferred, for instance, from a defendant's actual or constructive knowledge of the plaintiff's mark. *Star Indus., Inc.*, 412 F.3d at 388.

At this stage, JBH has adequately alleged that Satisfy was aware of its mark and "notwithstanding said awareness, and in fact by reason of same," proceeded to use the "Justice" mark on its apparel in order to cause consumers to believe that its goods are approved by or

otherwise affiliated with JBH and its "JUSTICE" trademark. Counterclaim ¶ 19. *See Kelly-Brown*, 717 F.3d at 313; *Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 483 (2d Cir. 1996).

Satisfy concedes that trademark registration provides constructive notice of a registrant's claim of ownership of a mark for the goods noted in the registration certificate, but argues that its knowledge of the "JUSTICE" mark's registration is insufficient to allege bad faith because a registration "for night gowns, halter tops, dresses and knee highs [] certainly does not provide constructive notice of any potential or likely confusion with luxury performance running gear." Dkt. No. 24, at 7. Satisfy's argument wholly overlooks the other clothing items listed on the registration certificate, including jogging suits, shirts, t-shirts, tank tops, pants, shorts, boxer shorts, sweat pants, sweat shirts, and sweat suits – all of which could be used as running gear. Counterclaim ¶ 14. Moreover, Satisfy's contention that it did not intend to trade on Defendants' good will, even if true, does not preclude a finding of bad faith. *Kelly-Brown*, 717 F.3d at 313.

Nevertheless, this is precisely the sort of factual dispute that cannot be decided on a motion to dismiss. *Id.*; *Cadbury Beverages, Inc*, 73 F.3d at 483.

Satisfy's motion to dismiss JBH's common law trademark claims is therefore DENIED.

### III.    Dilution Claim

JBH asserts a claim for dilution in violation of New York General Business Law § 360-l, which provides that a "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief . . . notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen. Bus. Law § 360–l.

To succeed on a trademark dilution claim under New York law, a plaintiff must show "(1) that it possesses a strong mark—one which has a distinctive quality or has acquired a secondary

9

meaning . . . and (2) a likelihood of dilution by either blurring or tarnishment." *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) (quoting *Fireman's Ass'n of State of N.Y. v. French Am. Sch. of N.Y.*, 41 A.D.3d 925, 839 N.Y.S.2d 238, 242 (2007)).

Satisfy has not challenged the distinctiveness of JBH's JUSTICE mark. Satisfy argues instead that JBH fails at the second step because it has not plausibly alleged a likelihood of dilution.

Nowhere does JBH indicate whether its dilution counterclaim is based on a theory of blurring or tarnishment.

Dilution by tarnishment occurs when a trademark is "linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context," with the result that "the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods." *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 507 (2d Cir. 1996) (quoting *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 43 (2d Cir. 1994)). A trademark may also be tarnished if it loses its ability to serve as a "wholesome identifier" of plaintiff's product." *Id*. "The sine qua non of tarnishment is a finding that plaintiff's mark will suffer negative associations through defendant's use." *Id*.

Because JBH has not alleged that Satisfy's products are of inferior quality or that Satisfy's use of "Justice" will otherwise cause JBH's "JUSTICE" mark to be tarnished by negative associations, JBH's dilution claim can be based only on a theory of blurring.

Dilution by blurring occurs "where the defendant uses or modifies the plaintiff's trademark to identify the defendant's goods and services, raising the possibility that the mark will lose its ability to serve as a unique identifier of the plaintiff's product." *Deere & Co.*, 41 F.3d at 43. The likelihood of blurring has traditionally been governed by a six-factor test: 1) similarity of the marks, 2) similarity of the products covered, 3) sophistication of the consumers, 4) predatory

intent, 5) renown of the senior mark, and 6) renown of the junior mark. *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 966 (2d Cir. 1996). The ultimate question is "whether there is a likelihood that the capacity of the senior owner's mark 'to serve as a unique identifier of its source' will be diminished." *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 434 (S.D.N.Y.), *aff'd*, 674 F. App'x 16 (2d Cir. 2016) (quoting *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F.Supp.2d 368, 393 (S.D.N.Y. 2008)).

For the reasons previously discussed, *see supra* Section I, this standard involves fact-intensive considerations that are inappropriate at this stage of proceedings. *Bliss Trademark Holdings, LLC v. Blissy, LLC*, 2025 WL 2030633, at *3 (S.D.N.Y. July 21, 2025). It is sufficient at this juncture that JBH has alleged that Satisfy is using the same distinctive mark and that there is competitive proximity between the parties' respective products, thereby "raising the possibility that the mark will lose its ability to serve as a unique identifier of [JBH's] product." *Fireman's Ass'n of State of New York v. French Am. Sch. of New York*, 41 A.D.3d 925, 928 (2007); *see also Bliss Trademark Holdings*, 2025 WL 2030633, at *3.

Satisfy's motion to dismiss JBH's counterclaim for dilution under N.Y. Gen. Bus. Law § 360–l is therefore DENIED.

## CONCLUSION

The motion to dismiss is DENIED.

The Clerk of Court is respectfully requested to remove the motion at Dkt. No. 19 from the court's list of open motions.

This is a written opinion.

This constitutes the decision and order of the court. It is a written decision.

11

Dated: December 3, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

12